Craig D. Cox Harvey County Counselor P.O. Box 687 Newton, Kansas 67114-0687
Dear Mr. Cox:
You ask our opinion regarding a county's responsibility to construct and maintain culverts over ditches that connect a public road with private property. Specifically, you ask whether K.S.A. 68-543 requires a county to perpetually maintain a culvert constructed by the county for a private landowner and whether a county is obligated to maintain or replace existing culverts when there is no record as to who initially installed the culvert.
The provisions of K.S.A. 68-543 in question state:
 "Whenever it is necessary to make a ditch along a public road in front of any property at such depth as will in the opinion of the officials in charge of such road obstruct any then existing entrance connecting such property with the public highway, it shall be the duty of the county engineer to cause to be constructed and maintained a substantial culvert over the said ditch, so as to make a good, safe crossing. The county shall pay for such improvement on county roads and the township on township roads."
This statute was enacted in 1917[1] with the same language as quoted above except in place of "any then existing entrance" the original statute contained the language "the usual entrance." The statute is clear that an entrance must already be in existence at the time the ditch is made in order to require the county to construct a culvert. The statute has always contained the requirement that a county maintain culverts constructed pursuant to this statute. Your first question is whether the statute requires that a county maintain such culverts forever.
The fundamental rule of statutory construction is that the intent of the Legislature governs. The legislative intent is determined by the language of the statute itself, and where the language is plain, unambiguous and also appropriate to the obvious purpose, the court should follow the intent as expressed by the words used rather than determine what the law should or should not be. Words in common usage should be given their natural and ordinary meaning.[2] K.S.A. 68-543 clearly requires that a county maintain a culvert constructed pursuant to that statute. The statute contains no limitation on how long the maintenance is to continue. Thus, a county is required to maintain indefinitely any culverts constructed along a county road pursuant to K.S.A. 68-543. This conclusion is also supported by K.S.A. 1999 Supp. 68-115 which allows a county engineer to make ditches along a county road as the engineer deems necessary for the benefit of the roads, and requires the county to keep the ditches open.
Your second question is whether a county has a statutory obligation to maintain or replace existing culverts when there is no record as to who initially installed the culvert. You explain that Harvey County has no records of which culverts were installed by the County and which culverts were installed by a landowner. K.S.A. 68-543 clearly requires a county to install a culvert when it has made a ditch along a county road in front of any property at such depth as will obstruct any then existing entrance connecting such property with the county road. A county's responsibility does not depend on who installed the culvert initially, but rather on the circumstances surrounding the initial placement of the culvert. If a landowner voluntarily installed a culvert where the county was responsible to do so, the county is still required to maintain the culvert. However, if a landowner installed a culvert where the county did not make a ditch that obstructed the landowner's existing entrance, the county would not be required to maintain the culvert. Whether a culvert was, or should have been, installed by a county due to the county making a ditch that obstructed an existing entrance onto a county road is a factual question that must be resolved in order to determine whether the county has an obligation to maintain or replace the culvert. Therefore, we cannot reach an opinion on whether Harvey County has a statutory obligation to maintain or replace existing culverts when there is no record as to the circumstances surrounding the initial placement of the culvert.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] L. 1917, Ch. 264, § 50.
[2] In re Tax Appeal of Boeing Co., 261 Kan. 508, 515 (1997).